IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

URÍAS BARRETO-RIVERA,        *
     Petitioner,              *
                       *
                       *
        v.                  *
                       *        CIVIL NO. 05-1696 (CCC)
                       *        Crim. No. 00-861 (CCC)
UNITED STATES OF AMERICA,    *
     Respondent.             *
_____ *

OPINION AND ORDER

I. INTRODUCTION

       This matter is before the Court for consideration of a motion to vacate, set aside, or correct sentence filed by counsel pursuant to 28 U.S.C. §2255.  Petitioner challenges the sentence imposed following his 2002 conviction for a firearm and drug-related conspiracy offense.  For the reasons set forth below, the Court finds that Petitioner is not entitled to relief and his Motion is DENIED.

II. BACKGROUND

       On November 8, 2000, a Federal Grand Jury returned a multiple-count indictment against Petitioner Urías Barreto- Rivera (hereinafter, referred to as "Petitioner" or "Petitioner Barreto-Rivera") and 29 other co-defendants (Crim. docket entry 2).   On January 31, 2001, a superseding indictment was returned (Crim. docket entry 53).   Petitioner was charged in Counts One, Two, Three, and Five of that Indictment along with the other co-defendants.

       On July 9, 2002, Petitioner pled guilty to drug conspiracy charges in violation of the Federal Controlled Substances Act, 21 U.S.C. §846, as charged in Count One of the Superseding Indictment.  He also plead guilty to Count Three which charged possession, carrying, and use of firearms in violation of 18 U.S.C. §924 (c) (1) and 2.

       On February 19, 2003, Petitioner  was sentenced to 162 months as to Count One and sixty (60) months as to Count Three, said terms to be served consecutively to each other for a

Civil No. 05-1696 (CCC)

Page 2

total imprisonment of 222 months.   He was further sentenced to a  five-year supervised release term as to Count One and three-year supervised release term as to Count Three, and a special monetary assessment of $200.00.   (Crim. docket entry 1006).  No direct appeal was filed.

Petitioner Barreto-Rivera filed the present motion on June 24, 2005, seeking to have his sentence vacated, set aside or corrected under 28 U.S.C. §2255.  In challenging his sentence, Petitioner cited <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and <u>Dodd v. United States</u>, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).  For the following reasons, this Court concludes that Petitioner's habeas claim is time-barred and lacking in substantive merit.

III. DISCUSSION

Petitioner Barreto-Rivera claims that his sentence was imposed in violation of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and <u>Dodd v. United States</u>, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).   The United States asserts that petitioner's claims are time barred because they were filed outside the one-year statute of limitations.   The Court agrees.  Paragraph 6 of §2255 provides the following:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>See</u>, 28 U.S.C.A. §2255.

Since Petitioner Barreto-Rivera did not file a direct appeal, his sentence became final ten (10) days after the entry of his Judgment. Fed. R. App. P. 4 (b)(1)(A).  Petitioner's judgment

Civil No. 05-1696 (CCC)

was entered on docket on March 7, 2003 (Crim. docket entry 1006). Petitioner did not file his motion to vacate until June 24, 2005, more than two years after he was sentenced. Petitioner's first claim is based on a Blakely violation, a decision which was entered on June 24, 2004, a year before Petitioner filed the present motion. However, Blakely was issued after petitioner's conviction and sentence became final and, therefore, must apply retroactively to cases on collateral review in order to restart the statute of limitations. See, 28 U.S.C. §2255 ¶6(3). Notwithstanding, Petitioner Barreto-Rivera is advised that in the First Circuit, the rights recognized in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed 2nd 435 (2000); Blakely , supra, and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed 2nd 621 (2005), have not been made retroactive on collateral review.[1]   Thus, Petitioner's reliance on Dodd is misplaced, as Blakely, is not retroactively applicable to cases on collateral review. Consequently, the rule established in Dodd that "[p]aragraph 6(3) identifies one date and one date only as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court'", 125 S.Ct. at 2482, is inapplicable to the Petitioner Barreto-Rivera's factual scenario since there is no new right recognized by the Supreme Court nor it has been made retroactively applicable to cases on collateral review. Therefore, Petitioner's Blakely claim is clearly time barred.

## IV. CONCLUSION

---

[1]

    Apprendi arguments are not retroactive on collateral proceedings nor is to be retroactively applied (See Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir.2000)(stating that "it is clear that the Supreme Court has not made the [Apprendi] rule retroactive to cases on collateral review")); Blakely and Booker are not retroactive. See, McReynolds v. U.S., 397 F.3d 479 (7th Cir.2005)( Booker does not apply retroactively to criminal cases that became final before its release); U.S. v. Fraser, 407 F.3d 9 (1st Cir.2005)(petitions under §§ 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive since this would provide an avenue to escape restrictions Congress has imposed on habeas review); Cirilo-Muñoz v. U.S., 404 F.3d 527, 533 (1st Cir. 2005); Since Apprendi is not to be applied retroactively, comparable Blakely -like claims run the same fate. CiriloMuñoz v. U.S., 404 F.3d at 533.

Civil No. 05-1696 (CCC)

Page 4

It is ordered that Petitioner Urías Barreto-Rivera's request for habeas relief under 28 U.S.C. §2255 (docket entry 1) is DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

At San Juan, Puerto Rico, on December 14, 2006.


S/CARMEN CONSUELO CEREZO
United States District Judge